**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

LEXISNEXIS, a Division of REED
ELSEVIER INC.,

                         Plaintiff,

              v.

DISCEPOLO LLP,

                         Defendant.

**OPINION**

Civ. No. 2:13-cv-04867 (WHW)

**Walls, Senior District Judge**

Defendant Discepolo LLP ("Defendant") moves to set aside the Clerk's entry of default under Federal Rule of Civil Procedure 55(c). Plaintiff LexisNexis ("Plaintiff") has not filed an opposition. Under Federal Rule of Civil Procedure 78(b), the motion is decided without oral argument. Defendant's motion is granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed its complaint on August 12, 2013 claiming damages for breach of contract, or, alternatively, unjust enrichment. *See* Compl. ¶¶ 67-83 (ECF No. 1). Plaintiff alleges that it entered into a series of seven contracts with Defendant from September 7, 2011 through January 18, 2012. *Id.* ¶¶ 9-48. Under these contracts, Defendant agreed to pay for the provision of certain of Plaintiff's internet services broadly meant to enhance Defendant's business opportunities as an attorney through increased visibility to potential clients. *Id.* Plaintiff alleges that it has performed all of its obligations under the contracts, but that Defendant has breached the contracts by failing to pay Plaintiff and that Defendant owes a total of $218,759.83, plus interest. *Id.* ¶¶ 49-77.

**NOT FOR PUBLICATION**

Defendant's time to answer or otherwise respond to the complaint expired on October 11, 2013, and Plaintiff requested entry of default on March 10, 2014, ECF No. 10, which the Clerk entered. On April 4, 2014, Defendant moved to set aside the default. ECF No. 11. Plaintiff did not file an opposition.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The power to grant default judgment "has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted). Because a default judgment prevents a plaintiff's claims from being decided on the merits, "this court does not favor entry of defaults or default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Accordingly, the Third Circuit has clarified that, while "the entry of a default judgment is left primarily to the discretion of the district court," this "discretion is not without limits," and cases should be "disposed of on the merits whenever practicable." *Hritz*, at 1181 (citations omitted); *see also $55,518.05 in U.S. Currency*, 728 F.2d at 194-95.

Rule 55(c) allows a district court to set aside an entry of default "for good cause." Fed. R. Civ. P. 55(c). A district court is required to "consider the following factors in exercising its discretion in granting or denying a motion to set aside a default under Rule 55(c) or a default judgment under Rule 60(b)(1): (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (citing *$55,518.05 in U.S. Currency*, 728 F.2d at 195). These are the same three factors the Third Circuit

2

**NOT FOR PUBLICATION**

considers in determining whether a default judgment should be granted. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

Any doubts in this inquiry are "to be resolved in favor of the party moving to set aside the default judgment so that cases may be decided on their merits." *Ford v. Consigned Debts & Collections, Inc.*, No. 09-3102, 2010 WL 2758182, at *2 (D.N.J. July 12, 2010) (citing *$55,518.05 in U.S. Currency*, 728 F.2d at 194-95). "'[M]atters involving large sums should not be determined by default judgment if it can reasonably be avoided,' since 'the interests of justice are best served by a trial on the merits.'" *Livingston Powdered Metal, Inc. v. N.L.R.B.*, 669 F.2d 133, 136-37 (3d Cir. 1982) (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951)).

## DISCUSSION

Defendant argues that the Court should set aside the default because it has meritorious defenses, Plaintiff will not suffer prejudice, and Defendant has not engaged in culpable conduct. Mem. in Support of Mot. to Set Aside Default ("Def.'s Mem.") at 2-7. The Court agrees and grants the motion to set aside the default.

### A. Meritorious Defenses

The Third Circuit "consider[s] the meritorious-defense factor the 'threshold issue . . . .'" *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006) (quoting *Hritz*, 732 F.2d at 1181). The defendant is required to "'set forth with some specificity the grounds for his defense.'" *Id.* (quoting *Hritz*, 732 F.2d at 1181). The court then "look[s] at the substance of that defense to determine whether it is meritorious." *Id.* (citation omitted). But the court "'need not decide the legal issue' at this stage of review." *Id.* (quoting *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

**NOT FOR PUBLICATION**

Here, Defendant raises three meritorious defenses. First, Defendant argues that this Court cannot exercise personal jurisdiction over it. Def.'s Mem. at 3. The personal jurisdiction inquiry in New Jersey "is collapsed into a single step because the New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) (citation omitted). "[T]he New Jersey Supreme Court has made it clear that New Jersey courts look to federal law for the interpretation of the limits on in personam jurisdiction." *Id.* "Personal jurisdiction under the Due Process Clause depends upon 'the relationship among the defendant, the forum, and the litigation.'" *Id.* (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). "[T]he plaintiff must show that the defendant has purposefully directed its activities toward the residents of the forum state or otherwise purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* (citations and quotation marks omitted).

Defendant asserts that it and its managing director are both citizens of Maryland, that they do not own any property in New Jersey, and that they do not transact any business in New Jersey. Def.'s Mem. at 3; *id.* Ex. A, Declaration of A. Donald Discepolo ("Discepolo Decl.") ¶ 5. Defendant further states that all of the contacts between the parties occurred in its offices in Baltimore, Maryland, and that none occurred in New Jersey. Def.'s Mem. at 3; Discepolo Decl. ¶ 4.

Although Plaintiff does not respond, in its complaint it repeatedly states that the contracts "incorporate[] terms that can be found at www.lexisnexis.com/terms/tps and www.lexisnexis.com/terms/tps/specificMHProductsV1.asp." *See* Compl. ¶¶ 17, 23, 29, 35, 46. Plaintiff asserts that under "the incorporated terms, New Jersey law governs the . . . Contract and Discepolo 'submit[ted] to the personal and exclusive jurisdiction of the courts located within the State of New Jersey.'" *See id.* ¶¶ 18, 24, 30, 36, 47. Plaintiff alleges that Defendant "is subject to

**NOT FOR PUBLICATION**

personal jurisdiction in this district by virtue of the forum selection clause in the applicable

contracts and by virtue [sic] transacting, doing, and soliciting business in this district." *Id.* ¶ 3.

Plaintiff states that "a substantial part of the negotiations and dealings between LexisNexis and

Discepolo occurred in LexisNexis's offices in New Providence, New Jersey." *Id.* ¶ 2.

To begin, the assertions in Plaintiff's complaint relating to forum selection clauses are

erroneous. At the first website listed, www.lexisnexis.com/terms/tps, a provision reads:

> 17.1 Law. The Agreement is governed by the *laws of the State of California* without
> regard to its conflict of law provisions and you and MH hereby submit to the *sole
> and exclusive jurisdiction and venue of the state and federal courts located in Los
> Angeles County, California and the Central District Court of California*,
> respectively, to resolve any and all disputes hereunder that the parties are not able
> to mutually resolve. The aforementioned *choice of venue is intended by the parties
> to be mandatory* and, not permissive, in nature.

Terms & Conditions of Use for the Martindale-Hubbell Products (Mar. 15, 2014),

www.lexisnexis.com/terms/tps (last visited May 13, 2014) (emphases added). This obviously does

nothing to subject Defendant to the jurisdiction of this Court and may well indicate that this

Court in fact lacks such jurisdiction.

The second website, www.lexisnexis.com/terms/tps/specificMHProductsV1.asp, does not

contain the clause quoted in Plaintiff's complaint or any other forum selection provision. *See*

Terms & Conditions for Specific MH Products (Apr. 25, 2014), www.lexisnexis.com/terms/tps/

specificMHProductsV1.asp (last visited May 13, 2014). It may be that one or both of these

websites contained different information at the time the contracts were signed, which may have

some bearing on the ultimate personal jurisdiction analysis. But Plaintiffs have not submitted

anything to suggest this.

As for the competing contentions about whether Defendant had sufficient contacts with

New Jersey to subject it to the personal jurisdiction of its courts, the Court finds that the

**NOT FOR PUBLICATION**

disagreement is enough to make the defense meritorious. *See Nationwide Mut. Ins. Co.*, 175 F.

App'x at 522 (court "need not decide the legal issue at this stage of review" (citation and quotation

marks omitted)).

Defendant also asserts the defense of improper venue. *See* Def.'s Mem. at 4. Venue is

proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents
> of State in which the district is located; (2) a judicial district in which a substantial
> part of the events or omissions giving rise to the claim occurred, or a substantial
> part of property that is the subject of the action is situated; or (3) if there is no
> district in which an action may otherwise be brought as provided in this section,
> any judicial district in which any defendant is subject to the court's personal
> jurisdiction with respect to such action.

28 U.S.C. § 1391(b) (2006). "For purposes of venue under this chapter, a defendant that is a

corporation shall be deemed to reside in any judicial district in which it is subject to personal

jurisdiction at the time the action is commenced." § 1391(c). If venue is improper, the district court

"shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in

which it could have been brought." § 1406(a).

In its complaint, Plaintiff states, "Venue is proper . . . because the contract at issue . . .

provides for venue in any court in the state of New Jersey and because a substantial part of the

events giving rise to the claims herein occurred within this judicial district." Compl. ¶ 2. Plaintiff

refers to the same clauses from the same websites discussed before, and the same allegation that

the negotiations and dealings between the parties occurred in New Jersey. *See id.* As just explained,

these allegations are not sufficient to defeat a finding that the defense is meritorious.

The first category provided in the statute clearly does not lead to proper venue in New

Jersey, as the sole Defendant resides in Maryland.  And the same dispute between the parties that

arose in the context of whether the Court has personal jurisdiction means the Court finds it

**NOT FOR PUBLICATION**

questionable whether either of the remaining categories could warrant proper venue in this district (not to mention the potentially applicable clause from the website Plaintiff provided that might mean venue is proper only in California). The Court finds this defense, too, is meritorious.

Finally, Defendant states that it "entered into agreements with the Plaintiff based on the Plaintiff's representations . . . . However, those representations were not truthful . . . ." Def.'s Mem. at 5. Defendant provides more detail about which representations it believes were not truthful. *See id.* at 4-5. It appears Defendant may have a defense of fraudulent inducement or equitable fraud. *See Kohn v. Proteonomix, Inc.*, No. A-1919-12T1, 2014 WL 813822, at *3 (N.J. Super. Ct. App. Div. Mar. 4, 2014) ("An allegation of equitable fraud, by which a party seeks to nullify a contract, requires evidence of (1) a material misrepresentation of . . . fact; (2) the maker's intent that the other party rely on it; and (3) detrimental reliance by the other party." (citation and quotation marks omitted). The Court makes no finding on this defense, other than that it is meritorious.

Defendant satisfies the first requirement of having meritorious defenses.

### B.  Prejudice to Plaintiff

"Prejudice is established . . . when a plaintiff's 'ability to pursue the claim has been hindered . . . . [by, for example,] loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.'" *Nationwide Mut. Ins. Co.*, 175 F. App'x at 524 (quoting *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982)). "[D]elay in realizing satisfaction on a claim rarely serves to establish [a sufficient] degree of prejudice." *Id.* at 523-24 (quoting *Feliciano*, 691 F.2d at 656-57 (quotation marks omitted)).

Here, there is no showing that Plaintiff's ability to make its case will be harmed. As Defendant points out, it moved to set aside the default shortly after it was entered and Plaintiff has

**NOT FOR PUBLICATION**

not moved for entry of default judgment. Def.'s Mem. at 6. Plaintiff will not be prejudiced by the Court setting aside the default.

### C.  Culpable Conduct

To find a defendant's conduct culpable, "more than mere negligence [must] be demonstrated." *Hritz*, 732 F.2d at 1183. "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard." *Id.* Culpable conduct, in this context, "is conduct that is taken willfully or in bad faith." *Hill v. Williamsport Police Dept.*, 69 F. App'x 49, 52 (3d Cir. 2003) (quotations omitted).

Here, Defendant asserts that its "default occurred after the parties had been engaged in settlement discussions." Def.'s Mem. at 6; Discepolo Decl. ¶ 10. Defendant claims that "[s]everal terms of the settlement were agreed upon," but "a few open, unresolved issues remained." Def.'s Mem. at 6; Discepolo Decl. ¶ 10. Defendant states that it attempted to reach out to counsel about those issues but never heard back. Def.'s Mem. at 6; Discepolo Decl. ¶ 10. Finally, Defendant argues that the speed with which it moved to set aside the default weighs against a finding that it acted culpably. Def.'s Mem. at 6-7.

The Court finds that Defendant's actions amounted to no more than negligence in failing to answer the complaint while engaged in settlement negotiations. Defendant's conduct was not culpable.

8

**NOT FOR PUBLICATION**

## CONCLUSION

Defendant satisfies all three criteria needed for the Court to set aside the entry of default: Defendant has meritorious defenses, Plaintiff will not suffer prejudice, and Defendant's conduct was not culpable. The Court grants Defendant's motion to set aside the entry of default. An appropriate order follows.

Date: May 20, 2014

**/s/ William H. Walls**
United States Senior District Judge

9